1   ERIC J. WERSCHING, Bar No. 229415
    PAUL M. TEINERT, Bar No. 272390
2   ROSS WERSCHING & WOLCOTT LLP
    Attorneys at Law
3   3151 Airway Ave., Suite S-1
    Costa Mesa, California 92626
4   Telephone: (714) 444-3900
    Facsimile: (714) 444-3901
5
6   Attorneys for Defendant
    ABM Industries, Inc.
7
8
9                   UNITED STATES DISTRICT COURT
10          FOR THE CENTRAL DISTRICT OF CALIFORNIA
11
12  MARIA HERNANDEZ, an individual          CASE NO.
13              Plaintiff,                   (Orange Superior Court Case No. 30-
                                             2015-00809242-CU-WT-CJC)
14      v.
                                            DECLARATION OF PAUL M.
15  ABM INDUSTRIES, INC., a Delaware        TEINERT IN SUPPORT OF
    corporation; and DOES 1 through 100,    PETITION AND NOTICE OF
16  Inclusive                               REMOVAL OF CIVIL ACTION
                                            PURSUANT TO 28 U.S.C. §§ 1332
17              Defendants.                  AND 1441(B)
18
19                                          Date State Action Filed:
                                            September 11, 2016
20
21          I, Paul M. Teinert, declare as follows:
22
23          1.      I am an attorney at law duly licensed to practice in all of the courts of
24  the State of California, and the United States District Court for the Central District
25  of California.  I am an associate at the firm of Ross Wersching & Wolcott LLP,
26  attorneys of record for Defendant ABM Industries, Inc. ("Defendant") in the above-
27  captioned case.  The facts set forth herein are true of my own personal knowledge
28  and if sworn, I could and would testify competently thereto.

ROSS WERSCHING & WOLCOTT LLP
ATTORNEYS AT LAW
3151 AIRWAY AVENUE, SUITE-1
COSTA MESA, CA 92626
(714) 444-3900

1

**Declaration of Paul M. Teinert**

2.     On or about September 11, 2016 Plaintiff Maria Hernandez ("Plaintiff") filed an action against Defendant entitled "MARIA HERNANDEZ, an individual, Plaintiff, vs. ABM INDUSTRIES, INC., a Delaware corporation; and DOES 1 - 100, Inclusive, Defendants" in the Superior Court of California for the County of Orange, commencing Case Number 30-2015-00809242-CU-WT-CJC (the "Complaint").  A true and correct copy of the Complaint is attached hereto as Exhibit "A".

3.     Plaintiff's Complaint alleges damages for (a) Wrongful Termination In Violation of Public Policy – Discrimination Based Upon Disability, (b) Wrongful Termination In Violation of Public Policy – Discrimination Based Upon Age, (c) Unlawful Discrimination Based Upon Disability In Violation of Fair Employment and Housing Act, (d) Failure to Accommodate Disability in Violation of the Fair Employment and Housing Act, (e) Failure to Engage in the Interactive Process in Violation of the Fair Employment and Housing Act, and (f) Unlawful Discrimination Based Upon Age in Violation of the Fair Employment and Housing Act.  See Exhibit "A".

4.     The Summons, Civil Case Cover Sheet, Complaint, Plaintiff's Notice of Posting Jury Fees, Joint Case Management Statement, Defendant's Answer to Plaintiff's Complaint constitute all of the State Court Action pleadings, process, and orders filed or served to date. A true and correct copy of the each document listed above is attached hereto as Exhibit "B".

5.     During Defendant's initial written discovery efforts, it was first made aware that the amount in controversy exceeded the $75,000.00 threshold required under 28 U.S.C. §1332. On January 22, 2016, Plaintiff, via USPS, mailed her responses to Defendant's Requests for Admissions wherein Plaintiff admitted that

ROSS WERSCHING & WOLCOTT LLP
ATTORNEYS AT LAW
3151 AIRWAY AVENUE, SUITE-1
COSTA MESA, CA 92626
(714) 444-3900

2

she was seeking more than $75,000.00 in damages for the instant matter. Accordingly, this Notice is timely filed because it is filed within 30 days from the point at which Defendant had notice that the action is removable and is less than one year after the matter was filed in State Court. A true and correct copy of the relevant portions of Plaintiff's responses to Defendant's Requests for Admissions, Set One are attached hereto as Exhibit "C".

6.      Defendant will serve written notice of the filing of this Notice of Removal to Plaintiff, as required by 28 U.S.C. §1446(d), and will file a Notice of Removal with the clerk of the Superior Court of the State of California in and for the County of Orange, as further required by statute and case law.

7.      In Plaintiff's Complaint, Plaintiff correctly alleges Defendant's domicile as the State of Delaware and Plaintiff's domicile as the State of California. See Exhibit "A" ¶ 2.

8.      Defendant is a corporation existing with status in good standing under the laws of the State of Delaware as demonstrated by the Certificate of Existence with Status in Good Standing from the Delaware Secretary of State.  A true and correct copy of the Certificate of Existence with Status in Good Standing is attached hereto as Exhibit "D".

//
//
//
//
//
//
//

3

9.      This action should be governed by the laws of the State of California.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on February 22, 2016, at Costa Mesa, California.


_____/s/ Paul M. Teinert_____

Paul M. Teinert

ROSS WERSCHING & WOLCOTT LLP
ATTORNEYS AT LAW
3151 AIRWAY AVENUE, SUITE-1
COSTA MESA, CA 92626
(714) 444-3900

**Declaration of Paul M. Teinert**

# EXHIBIT A

1 | **LOTZ KING, APLC**
2 | Suzanne J. Reuben, Esq. (SBN 245660)
   | Sara J. King, Esq. (SBN 299115)
3 | 3184 Airway Avenue
   | Suite G
4 | Costa Mesa, CA 92626
5 | T: 714-884-4110
   | sjreuben@lotzkinglaw.com
6 | sjking@lotzkinglaw.com

**ELECTRONICALLY FILED**
Superior Court of California,
County of Orange

**09/11/2015** at 12:45:53 PM
Clerk of the Superior Court
By Trinity Mai,Deputy Clerk

7 | Attorneys for Plaintiff, MARIA HERNANDEZ

8 | **SUPERIOR COURT FOR THE STATE OF CALIFORNIA**

9 | **IN THE COUNTY OF ORANGE**

11 | MARIA HERNANDEZ, an individual,

12 | Plaintiff,

13 | v.

14 | ABM INDUSTRIES, INC., a Delaware corporation; and DOES 1-100 inclusive,

15 | Defendants.

Case No. 30-2015-00809242-CU-WT-CJC
Judge Deborah Servino

**COMPLAINT FOR DAMAGES**

**(1) Wrongful Termination In Violation Of Public Policy-Discrimination Based Upon Disability;**

**(2) Wrongful Termination In Violation Of Public Policy-Discrimination Based Upon Age;**

**(3) Unlawful Discrimination Based Upon Disability In Violation Of FEHA – California Government Code § 12900, Et Seq.**

**(4) Failure To Accommodate Disability In Violation Of FEHA-California Government Code § 12900, Et Seq.**

**(5) Failure To Engage In The Interactive Process In Violation Of FEHA – California Government Code §§ 12900, Et Seq.**

**(6) Unlawful Discrimination Based Upon Age In Violation Of FEHA – California Government Code § 12900, Et Seq.**

**JURY DEMAND**

1

COMPLAINT FOR DAMAGES

1      For her claims against Defendant, ABM INDUSTRIES, INC. (hereinafter referred to as

2 "ABM" or "Defendant") and Does 1 through 100, Plaintiff MARIA HERNANDEZ (hereinafter,

3 referred to as "Ms. Hernandez" or "Plaintiff") alleges as follows:

4                                   **JURISDICTION**

5      1.      Plaintiff MARIA HERNANDEZ was, and is, a female resident of the County of

6 Orange, California who was employed by Defendant in the County of Orange for approximately 14

7 years until she was terminated April 17, 2015. The acts complained of herein occurred in the

8 County of Orange, California.

9      2.      Defendant ABM INDUSTRIES, INC. ("ABM") is now, and at all relevant times

10 was, a corporation, existing under the laws of the State of Delaware with its principal place of

11 business in New York. Plaintiff is informed and believes that ABM Janitorial is a division ABM

12 INDUSTRIES, INC. ABM is, and at all relevant times was, a janitorial company eligible to do

13 business in the State of California.

14      3.      Defendants sued herein as DOES 1 through 100, inclusive, are sued herein by such

15 fictitious names because Plaintiff is unaware of the true names and capacities of said DOE

16 defendants. Plaintiff will amend this Complaint to reflect the true names when the same are

17 ascertained. Plaintiff is informed and believes and thereon alleges that said DOE defendants are

18 responsible for the acts, events, and circumstances alleged herein, or are interested parties to this

19 action. All Defendants, including DOES 1 through 100 are hereinafter collectively referred to as

20 "ABM".

21                                     **VENUE**

22      4.      This Court has jurisdiction to hear the subject matter of this Complaint. This Court

23 also has jurisdiction over each defendant, because the events alleged herein occurred in California.

24 Venue is proper in this Court because all of the events giving rise to this action and the related

25 underlying action occurred and are occurring in the County of Orange.

26                              **FACTUAL ALLEGATIONS**

27      5.      This matter relates to the wrongful termination of Ms. Hernandez by Defendant

28 ABM. Ms. Hernandez is a 56 year-old woman who was employed by Defendant ABM as a

2

1  janitorial worker for approximately 14 years and for another approximately 9 years by ABM's
2  predecessor.  Ms. Hernandez is informed and believes and thereon alleges that ABM entered into
3  one or more written contracts with the Service Employees International Union, United Service
4  Workers West (hereinafter referred to as the "Union").  Ms. Hernandez was at all relevant times a
5  member of the Union and is informed and believes and thereon alleges that the terms of the written
6  contract(s) entered into between ABM and the Union apply to her employment with ABM.

7      6.    While employed with ABM, Ms. Hernandez worked the nightshift, from 10am to
8  6pm.  Ms. Hernandez's duties included: cleaning bathrooms; cleaning sinks, countertops, and
9  microwave ovens; vacuuming; sweeping; mopping; and dusting.

10      7.    Beginning in or around September 2014, Ms. Hernandez's supervisor and an agent of
11  ABM, Ms. Maria Peralta ("Ms. Peralta"), instructed Ms. Hernandez to only empty trash bins when
12  the trash bag was full to the rim, exceeding nearly 10 pounds per bag.  Prior to this time, trash was
13  to be removed when the bags were halfway full.

14      8.    On or about January 2, 2015, Ms. Hernandez suffered a workplace injury to her right
15  arm while performing her duties within the scope of her employment.  Specifically, Ms. Hernandez
16  became injured while removing heavy trash bags from an office building.  Ms. Hernandez submitted
17  a workers' compensation claim and began receiving medical treatment for her injury.  She was
18  diagnosed with lateral epicondylitis and pain in her right arm.  She was instructed to wear a brace
19  and not to lift, push or pull anything that weighed more than five pounds.  ABM was advised of
20  these limitations.

21      9.    On or about January 19, 2015, Ms. Hernandez returned to work and informed
22  Defendant ABM of her physical disability, providing proof of a doctor's note outlining the scope of
23  her physician prescribed limitations.  Defendant ABM, through its agent supervisor Ms. Peralta,
24  continuously harassed Ms. Hernandez verbally about her physical disability and would demand that
25  she perform duties outside the scope of her limitations.  Ms. Hernandez made several complaints
26  about Ms. Peralta to the Union and Defendant ABM and repeatedly requested that she be provided
27  with reasonable accommodations due to her limitations caused by her workplace injury.  Ms.
28  Hernandez was informed that the complaints would remain confidential and would not be

COMPLAINT FOR DAMAGES

1 transmitted to Ms. Peralta. However, after such complaints were made, Ms. Peralta made clear that

2 she was aware of Ms. Hernandez's "confidential" complaints and continued verbally abusing Ms.

3 Hernandez and pressuring her to go beyond her limitations.

4       10.    From January 19, 2015, until April 17, 2015, after repeated requests by Ms.

5 Hernandez, Defendant ABM failed to reasonably accommodate Ms. Hernandez's needs based on

6 her physical disability. Ms. Hernandez was able to perform the essential functions of her job with

7 reasonable accommodation, however, Defendant ABM ignored and failed to respond to her requests

8 for accommodation.

9       11.    After 23 years of loyal service, on April 17, 2015, Defendant ABM wrongfully

10 terminated Ms. Hernandez's employment. On April 17, 2015, ABM informed Ms. Hernandez that

11 she was being terminated because her position was allegedly being eliminated due to "cut backs".

12       12.    Although Ms. Hernandez was informed that her position had been eliminated,

13 Plaintiff is informed and believes and thereon alleges that a replacement employee was hired.

14 Plaintiff is informed and believes and thereon alleges that this replacement employee is

15 approximately 35 years old and is not part of the Union. In addition, Plaintiff is informed and

16 believes and thereon alleges that four other employees from the nightshift have also been terminated

17 and that each of these employees are over the age of 40 years old.

18       13.    After her termination, Defendant ABM assured Ms. Hernandez that she would

19 remain on a temporary worker list. Ms. Hernandez received a phone call from an agent of

20 Defendant ABM, named "Martin", for a potential temporary job opening in Mission Viejo,

21 California. Ms. Hernandez disclosed, once again, that she could perform the work subject to the

22 limitations provided by her doctor. Defendant ABM's agent stated to Ms. Hernandez, that she was

23 "worthless" because of her limitations and "not to come" before hanging up the phone on Ms.

24 Hernandez.

25       14.    Thereafter, in or about mid-May 2015, Ms. Hernandez received a phone call from

26 ABM's agent, Claudia Alarcon ("Ms. Alarcon"). Ms. Alarcon asked if Ms. Hernandez was able to

27 work. Ms. Hernandez responded in the affirmative, but again advised Ms. Alarcon of her

28 continuing limitations caused by her workplace injury. Ms. Alarcon responded that because of her

4

COMPLAINT FOR DAMAGES

1    limitations, ABM therefore did not have any employment for Ms. Hernandez.  As of the date of the

2    filing of this Complaint, Ms. Hernandez has received no further contact from ABM.

3        15.    Upon receiving notice that she was being terminated and during the course of

4    Defendant ABM's harassment of her, Ms. Hernandez felt disrespected, demeaned and in shock and

5    suffered, and continues to suffer from severe emotional distress such as depression and anxiety.

6    Said actions were carried out by Defendant ABM as well as by its managing agents acting on behalf

7    of, and with the knowledge of and with the authority of Defendant ABM to ultimately terminate Ms.

8    Hernandez because of her physical disability and complaining about medical treatment and/or a

9    reasonable accommodation.   Said actions of Defendant ABM were carried out intentionally,

10    maliciously, wantonly, recklessly, and in conscious disregard of the rights of Ms. Hernandez in such

11    a harassing and retaliatory fashion that ultimately resulted in her wrongful termination on April 17,

12    2015.

13        16.    At all times mentioned herein, Ms. Hernandez was willing and able to perform the

14    duties and functions of her position if such reasonable accommodation had been made by Defendant

15    ABM.   At no time would the performance of the functions of the employment position, with a

16    reasonable accommodation for Ms. Hernandez's physical disability have been a danger to Ms.

17    Hernandez's or any other person's health or safety, nor would it have created an undue hardship to

18    the operation of Defendant ABM's business.

19        17.    Prior to filing this Complaint, Plaintiff fulfilled any legal requirement and/or

20    exhausted any and all administrative remedies imposed on her by having filed the substance of said

21    claims which she is required to do, alleged herein with the California Department of Fair

22    Employment and Housing (hereinafter referred to as "DFEH"), and has received a Right to Sue

23    Letter from the DFEH (attached hereto as "Exhibit A").  Plaintiff has therefore substantially

24    complied with all requirements for the filling of this Complaint and has exhausted her

25    administrative remedies prior to filing, commencing, and serving the instant action.

26    //

27    //

28    //

COMPLAINT FOR DAMAGES

## FIRST CAUSE OF ACTION FOR WRONGFUL TERMINATION IN VIOLATION OF
## PUBLIC POLICY – DISCRIMINATION BASED UPON DISABILITY
### (By Plaintiff Against Defendant and DOES 1 through 100)

18.     Plaintiff hereby re-alleges and incorporates by reference each allegation contained in all preceding paragraphs of this Complaint as though fully set forth herein.

19.     At all times mentioned in this Complaint, California Government Code § 12920 and California Labor Code § 132a, were in full force and effect and were binding on Defendant, and Defendant was subject to their terms, and therefore, Defendant was required to refrain from employment terminations in violation of public policy, including discrimination based on physical disability.

20.     Plaintiff alleges that her physical work-place injury disability was a main factor in Defendant's decision to terminate Plaintiff.

21.     As a result of the employment relationship, Defendant was obligated to restrain from discharging Plaintiff, or any employee, for reasons, which violate or circumvent said policy, law, or the objectives of which underlie each.

22.     As a direct, foreseeable, and proximate result of Defendant's conduct against Plaintiff as herein referenced, Plaintiff has suffered and continues to suffer general, consequential and special damages including but not limited to substantial losses in earnings, other employment benefits, employment opportunities, physical injury, as well as emotional distress, and attorneys' fees, all to her damage in an amount according to proof.

23.     Said termination was wrongful and justifies the imposition of punitive and exemplary damages because the termination was against public policy.  Defendant intentionally discriminated against Plaintiff and harassed her on account of physical disability and in doing so, Defendant acted maliciously, fraudulently and oppressively, with an evil intent and sinister plans with the wrongful intention of injuring Plaintiff, and/or in conscious disregard of Plaintiff's rights.  Based on the foregoing, Plaintiff is entitled to recover punitive and exemplary damages in a sum appropriate to punish and make an example out of Defendant.

6

## SECOND CAUSE OF ACTION FOR WRONGFUL TERMINATION IN VIOLATION OF
## PUBLIC POLICY – DISCRIMINATION BASED UPON AGE
### (By Plaintiff Against Defendant and DOES 1 through 100)

24.     Plaintiff hereby re-alleges and incorporates by reference each allegation contained in all preceding paragraphs of this Complaint as though fully set forth herein.

25.     At all times mentioned in this Complaint, California Government Code §12920 was in full force and effect and was binding on Defendant and Defendant was subject to its terms, and therefore, Defendant was required to refrain from employment terminations in violation of public policy, including discrimination based age.

26.     Plaintiff alleges that her age was a main factor in Defendant's decision to terminate Plaintiff.

27.     As a result of the employment relationship, Defendant was obligated to restrain from discharging Plaintiff, or any employee, for reasons, which violate or circumvent said policy, law, or the objectives of which underlie each.

28.     As a direct, foreseeable, and proximate result of Defendant's conduct against Plaintiff as herein referenced, Plaintiff has suffered and continues to suffer general, consequential and special damages including but not limited to substantial losses in earnings, other employment benefits, employment opportunities, physical injury, as well as emotional distress, and attorneys' fees, all to her damage in an amount according to proof.

29.     Said termination was wrongful and justifies the imposition of punitive and exemplary damages because the termination was against public policy.  Defendant intentionally discriminated against Plaintiff on account of age and in doing so, Defendant acted maliciously, fraudulently and oppressively, with an evil intent and sinister plans with the wrongful intention of injuring Plaintiff, and/or in conscious disregard of Plaintiff's rights.  Based on the foregoing, Plaintiff is entitled to recover punitive and exemplary damages in a sum appropriate to punish and make an example out of Defendant.

//
//

7

1   **THIRD CAUSE OF ACTION FOR UNLAWFUL DISCRIMINATION BASED UPON**

2   **DISABILITY IN VIOLATION OF FAIR EMPLOYMENT AND HOUSING ACT (FEHA)**

3   **(By Plaintiff Against Defendant including DOES 1 through 100)**

4       30.    Plaintiff hereby re-alleges and incorporates by reference each allegation contained in

5  all preceding paragraphs of this Complaint as though fully set forth herein.

6       31.    At all times mentioned herein, Plaintiff was a member of a protected class as to her

7  physical disability.

8       32.    Defendant is a business entity regularly employing at least the minimum number of

9  employees upon which legal duties and obligations arise under various laws and statutes, including

10  the Fair Employment and Housing Act (hereinafter referred to as "FEHA"), codified at California

11  Government Code §12900 et seq.  Defendant has violated the terms of California Government Code

12  §12900 et seq., including §12940, by discriminating against Ms. Hernandez, based on her physical

13  disability.

14       33.    Plaintiff timely filed a request for a Notice of Right to Sue with the DEFH, alleging

15  violations of California Government Code § 12900 et seq., and all other applicable provisions, fully

16  exhausting Plaintiff's administrative remedies, and has been issued a Right to Sue Letter, conferring

17  jurisdiction on this court over these claims.

18       34.    As a direct, foreseeable, and proximate result of Defendant's conduct against

19  Plaintiff as herein referenced, Plaintiff has suffered and continues to suffer general, consequential

20  and special damages including but not limited to substantial losses in earnings, other employment

21  benefits, employment opportunities, physical injury, as well as emotional distress, and attorneys'

22  fees, all to her damage in an amount according to proof.

23       35.    Said discrimination and termination were wrongful and justify the imposition of

24  punitive and exemplary damages because the discrimination and termination were against public

25  policy.  Defendant intentionally discriminated against Plaintiff and harassed her on account of

26  physical disability and in doing so, Defendant acted maliciously, fraudulently and oppressively,

27  with an evil intent and sinister plans with the wrongful intention of injuring Plaintiff, and/or in

28  conscious disregard of Plaintiff's rights.  Based on the foregoing, Plaintiff is entitled to recover

8

1  punitive and exemplary damages in a sum appropriate to punish and make an example out of
2  Defendant.

3      36.    The FEHA provides for an award of reasonable attorneys' fees and costs incurred by
4  a prevailing plaintiff in an action brought under its provisions.  Plaintiff has employed and will
5  continue to employ attorneys for the initiation and prosecution of this action.  Plaintiff has incurred
6  and will continue to incur attorneys' fees and costs herein.  Plaintiff is entitled to an award of
7  attorneys' fees and costs.

8  **FOURTH CAUSE OF ACTION FOR FAILURE TO ACCOMMODATE DISABILITY IN**
9  **VIOLATION OF FEHA**
10  **(By Plaintiff Against Defendant including DOES 1 through 100)**

11      37.    Plaintiff hereby re-alleges and incorporates by reference each allegation contained in
12  all preceding paragraphs of this Complaint as though fully set forth herein.

13      38.    Defendant is a business entity regularly employing at least the minimum number of
14  employees upon which certain legal duties and obligations arise under various laws and statutes,
15  including the FEHA.

16      39.    Plaintiff timely filed a request for a Notice of Right to Sue from the DFEH, alleging
17  violations of California Government Code § 12900 et seq., and all other applicable provisions, fully
18  exhausting Plaintiff's administrative remedies, and has been issued a Right to Sue Letter, conferring
19  jurisdiction on this court over these claims.

20      40.    California Government Code § 12940(m) makes it unlawful "[f]or an employer or
21  other entity...to fail to make reasonable accommodation for the known physical or mental disability
22  of an applicant or employee."  Defendant has failed to provide reasonable accommodations as
23  required by California Government Code § 12940(m).

24      41.    Although Defendant knew of Plaintiff's physical injury, and emotional stress from
25  work-related conditions, Defendant required Plaintiff to continue working under the same or worse
26  conditions.  Specifically, Defendant continued to force and pressure Plaintiff to work without
27  accommodation.  Defendant's actions were in direct contravention of the above-mentioned
28  provisions of the FEHA.

9

42.     Plaintiff alleges that with reasonable accommodations she could have fully performed all duties and functions of her job in an adequate, satisfactory and/or outstanding manner.

43.     As a direct, foreseeable, and proximate result of Defendant's conduct against Plaintiff as herein referenced, Plaintiff has suffered and continues to suffer general, consequential and special damages including but not limited to substantial losses in earnings, other employment benefits, employment opportunities, physical injury, as well as emotional distress, and attorneys' fees, all to her damage in an amount according to proof.

44.     Said actions were wrongful and retaliatory and justify the imposition of punitive and exemplary damages because the termination was against public policy and Defendant failed to reasonably accommodate despite repeated requests for accommodations.  Defendant intentionally discriminated against Plaintiff and in doing so, Defendant acted maliciously, fraudulently and oppressively, with an evil intent and sinister plans with the wrongful intention of injuring Plaintiff, and/or in conscious disregard of Plaintiff's rights.  Based on the foregoing, Plaintiff is entitled to recover punitive and exemplary damages in a sum appropriate to punish and make an example out of Defendant.

45.     The FEHA provides for an award of reasonable attorneys' fees and costs incurred by a prevailing plaintiff in an action brought under its provisions.  Plaintiff has employed and will continue to employ attorneys for the initiation and prosecution of this action.  Plaintiff has incurred and will continue to incur attorneys' fees and costs herein.  Plaintiff is entitled to an award of attorneys' fees and costs.

### FIFTH CAUSE OF ACTION FOR FAILURE TO ENGAGE IN THE INTERACTIVE PROCESS IN VIOLATION OF FEHA

**(By Plaintiff Against Defendant including DOES 1 through 100)**

46.     Plaintiff hereby re-alleges and incorporates by reference each allegation contained in all preceding paragraphs of this Complaint as though fully set forth herein.

47.     Defendant is a business entity regularly employing at least the minimum number of employees upon which certain legal duties and obligations arise under various laws and statutes, including the FEHA.

10

48.   Plaintiff timely filed a request for a Notice of Right to Sue with the DEFH, alleging violations of California Government Code § 12900 et seq., and all other applicable provisions, fully exhausting Plaintiff's administrative remedies, and has been issued a Right to Sue Letter, conferring jurisdiction on this court over these claims.

49.   California Government Code § 12940(n) makes it unlawful "[f]or an employer or other entity covered by this part to fail to engage in a timely, good faith interactive process with the employee or applicant to determine effective reasonable accommodations, if any, in response to a request for reasonable accommodation by an employee or applicant with a known physical or mental disability or known medical condition."

50.   Defendant refused to engage in the interactive process with Plaintiff to arrive at a reasonable solution, which is required under California Government Code § 12940(n). Instead, Defendant ignored Plaintiff's repeated requests for accommodation and forced Plaintiff to perform tasks that exceeded her physical limitations. Ultimately, Defendant wrongfully terminated Plaintiff's employment.

51.   Had Defendant engaged in a timely good faith interactive process, there were available reasonable accommodations which would have accommodated Plaintiff's disability and allowed her to continue to work for Defendant.

52.   As a direct, foreseeable, and proximate result of Defendant's conduct against Plaintiff as herein referenced, Plaintiff has suffered and continues to suffer general, consequential and special damages including but not limited to substantial losses in earnings, other employment benefits, employment opportunities, physical injury, as well as emotional distress, and attorneys' fees, all to her damage in an amount according to proof.

53.   Said actions were wrongful and retaliatory and justify the imposition of punitive and exemplary damages because the termination was against public policy and Defendant failed to engage in the interactive process by completely ignoring Plaintiff's requests for accommodations and instead willfully forcing her to perform tasks that exceeded her limitations. Defendant intentionally discriminated against Plaintiff and in doing so, Defendant acted maliciously, fraudulently and oppressively, with an evil intent and sinister plans with the wrongful intention of

11

COMPLAINT FOR DAMAGES

1   injuring Plaintiff, and/or in conscious disregard of Plaintiff's rights.  Based on the foregoing,
2   Plaintiff is entitled to recover punitive and exemplary damages in a sum appropriate to punish and
3   make an example out of Defendant.

4       54.    The FEHA provides for an award of reasonable attorneys' fees and costs incurred by
5   a prevailing plaintiff in an action brought under its provisions. Plaintiff has employed and will
6   continue to employ attorneys for the initiation and prosecution of this action.  Plaintiff has incurred
7   and will continue to incur attorneys' fees and costs herein.  Plaintiff is entitled to an award of
8   attorneys' fees and costs.

9   <u>**SIXTH CAUSE OF ACTION FOR UNLAWFUL DISCRIMINATION BASED UPON AGE**</u>
10  <u>**IN VIOLATION OF FEHA**</u>
11  **(By Plaintiff Against Defendant including DOES 1 through 100)**

12      55.    Plaintiff hereby re-alleges and incorporates by reference each allegation contained in
13  all preceding paragraphs of this Complaint as though fully set forth herein.

14      56.    At all times mentioned herein, Plaintiff was a member of a protected class as to her
15  age.

16      57.    Defendant is a business entity regularly employing at least the minimum number of
17  employees upon which legal duties and obligations arise under various laws and statutes, including
18  the FEHA codified at California Government Code §12900 et seq.  Defendant has violated the terms
19  of California Government Code §12900 et seq., including §12940, by discriminating against Ms.
20  Hernandez, based on her age.

21      58.    Plaintiff timely filed a request for a Notice of Right to Sue with the DEFH, alleging
22  violations of California Government Code § 12900 et seq., and all other applicable provisions, fully
23  exhausting Plaintiff's administrative remedies, and has been issued a Right to Sue Letter, conferring
24  jurisdiction on this court over these claims.

25      59.    As a direct, foreseeable, and proximate result of Defendant's conduct against
26  Plaintiff as herein referenced, Plaintiff has suffered and continues to suffer general, consequential
27  and special damages including but not limited to substantial losses in earnings, other employment
28

12

COMPLAINT FOR DAMAGES

benefits, employment opportunities, physical injury, as well as emotional distress, and attorneys' fees, all to her damage in an amount according to proof.

60.     Said termination was wrongful and justifies the imposition of punitive and exemplary damages because the termination was against public policy. Defendant intentionally discriminated against Plaintiff and harassed her on account of her age and in doing so, Defendant acted maliciously, fraudulently and oppressively, with an evil intent and sinister plans with the wrongful intention of injuring Plaintiff, and/or in conscious disregard of Plaintiff's rights.  Based on the foregoing, Plaintiff is entitled to recover punitive and exemplary damages in a sum appropriate to punish and make an example out of Defendant.

61.     The FEHA provides for an award of reasonable attorneys' fees and costs incurred by a prevailing plaintiff in an action brought under its provisions.  Plaintiff has employed and will continue to employ attorneys for the initiation and prosecution of this action.  Plaintiff has incurred and will continue to incur attorneys' fees and costs herein.  Plaintiff is entitled to an award of attorneys' fees and costs.

### PRAYER FOR RELIEF

WHEREFORE Plaintiff requests relief as follows:

1.  For general damages;

2.  For special damages;

3.  For other compensatory damages for emotional distress and other economic and non-economic losses;

4.  For prejudgment interest on all damages awarded under California Civil Code §3287(a);

5.  For reasonable attorney fees under California Labor Code §218.5, California Code of Civil Procedure §1021.5, and the FEHA;

6.  For punitive and exemplary damages;

7.  For costs of suit incurred; and

8.  For such other and further relief as this Court deems just and proper.

//

//

13

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**JURY DEMAND**

MARIA HERNANDEZ hereby demands a trial by jury pursuant to CCP § 631(d)(4).

Dated: September 11, 2015

**LOTZ KING, APLC**

*Suzanne J. Reuben*

Suzanne J. Reuben, Esq.
Sara J. King, Esq.
Attorneys for Plaintiff

14

COMPLAINT FOR DAMAGES

# EXHIBIT B

**SUM-100**

# SUMMONS
## (CITACION JUDICIAL)

<table>
<tr><td>

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

ABM INDUSTRIES, INC., a Delaware corporation; and DOES 1-100
inclusive,

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

MARIA HERNANDEZ, an individual,

</td><td>

**FOR COURT USE ONLY**
*(SOLO PARA USO DE LA CORTE)*

**ELECTRONICALLY FILED**
Superior Court of California,
County of Orange

09/21/2015 at 02:23:00 PM

Clerk of the Superior Court
By Rita Strom, Deputy Clerk

</td></tr>
</table>

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

<table>
<tr><td>

The name and address of the court is:
*(El nombre y dirección de la corte es):* Orange County Superior Court

700 Civic Center Drive West
Santa Ana, CA 92701.

</td><td>

CASE NUMBER:
*(Número del Caso):*

30-2015-00809242-CU-WT-CJC

Judge Deborah Servino

</td></tr>
</table>

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Suzanne J. Reuben & Sara J. King, 3184 Airway Ave, Ste. G, Costa Mesa, CA 92626 (714) 884-4110
Lotz King, APLC

<table>
<tr><td>

DATE: 09/21/2015   Alan Carlson, Clerk of the court
*(Fecha)*

</td><td>

Clerk, by   *Rita J. Strom*        , Deputy
*(Secretario)*                    *(Adjunto)*

</td></tr>
</table>

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*   R. Strom

**NOTICE TO THE PERSON SERVED: You are served**

1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☑ on behalf of *(specify):* ABM Industries, Inc., *A DELAWARE CORPORATION*

    under: ☑ CCP 416.10 (corporation)    ☐ CCP 416.60 (minor)
          ☐ CCP 416.20 (defunct corporation)    ☐ CCP 416.70 (conservatee)
          ☐ CCP 416.40 (association or partnership)    ☐ CCP 416.90 (authorized person)
          ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|
| Suzanne J. Reuben (245660)<br>Sara J. King (299115)<br>3184 Airway Avenue, Ste. G<br>Costa Mesa, CA 92626 | **ELECTRONICALLY FILED**<br>Superior Court of California,<br>County of Orange |
| TELEPHONE NO.: (714) 884-4110      FAX NO.: | |
| ATTORNEY FOR *(Name):* Maria Hernandez | 09/11/2015 at 12:45:53 PM |
| SUPERIOR COURT OF CALIFORNIA, COUNTY OF  Orange | Clerk of the Superior Court |
| STREET ADDRESS: 700 Civic Center Drive W | By Trinity Mai, Deputy Clerk |
| MAILING ADDRESS: 700 Civic Center Drive W | |
| CITY AND ZIP CODE: Santa Ana, CA 92701 | |
| BRANCH NAME: Central Justice Center | |

| CASE NAME: |
|---|
| Maria Hernandez v. ABM Industries, Inc. |

| CIVIL CASE COVER SHEET | | Complex Case Designation | | 30-2015-008092242-CU-WT-CJC |
|---|---|---|---|---|
| ✓ Unlimited<br>(Amount<br>demanded<br>exceeds $25,000) | Limited<br>(Amount<br>demanded is<br>$25,000 or less) | ☐ Counter   ☐ Joinder<br><br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | | JUDGE:  Judge Deborah Servino<br>DEPT: |

Items 1–6 below must be completed (see instructions on page 2).

1. Check one box below for the case type that best describes this case:

| Auto Tort | Contract | Provisionally Complex Civil Litigation<br>(Cal. Rules of Court, rules 3.400–3.403) |
|---|---|---|
| ☐ Auto (22) | ☐ Breach of contract/warranty (06) | ☐ Antitrust/Trade regulation (03) |
| ☐ Uninsured motorist (46) | ☐ Rule 3.740 collections (09) | ☐ Construction defect (10) |
| **Other PI/PD/WD (Personal Injury/Property** | ☐ Other collections (09) | ☐ Mass tort (40) |
| **Damage/Wrongful Death) Tort** | ☐ Insurance coverage (18) | ☐ Securities litigation (28) |
| ☐ Asbestos (04) | ☐ Other contract (37) | ☐ Environmental/Toxic tort (30) |
| ☐ Product liability (24) | **Real Property** | ☐ Insurance coverage claims arising from the<br>above listed provisionally complex case<br>types (41) |
| ☐ Medical malpractice (45) | ☐ Eminent domain/Inverse<br>condemnation (14) | |
| ☐ Other PI/PD/WD (23) | ☐ Wrongful eviction (33) | **Enforcement of Judgment** |
| **Non-PI/PD/WD (Other) Tort** | ☐ Other real property (26) | ☐ Enforcement of judgment (20) |
| ☐ Business tort/unfair business practice (07) | **Unlawful Detainer** | **Miscellaneous Civil Complaint** |
| ☐ Civil rights (08) | ☐ Commercial (31) | ☐ RICO (27) |
| ☐ Defamation (13) | ☐ Residential (32) | ☐ Other complaint *(not specified above)* (42) |
| ☐ Fraud (16) | ☐ Drugs (38) | **Miscellaneous Civil Petition** |
| ☐ Intellectual property (19) | **Judicial Review** | ☐ Partnership and corporate governance (21) |
| ☐ Professional negligence (25) | ☐ Asset forfeiture (05) | ☐ Other petition *(not specified above)* (43) |
| ☐ Other non-PI/PD/WD tort (35) | ☐ Petition re: arbitration award (11) | |
| **Employment** | ☐ Writ of mandate (02) | |
| ✓ Wrongful termination (36) | ☐ Other judicial review (39) | |
| ☐ Other employment (15) | | |

2. This case ☐ is  ✓ is not   complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. ☐ Large number of separately represented parties
   b. ☐ Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. ☐ Substantial amount of documentary evidence
   d. ☐ Large number of witnesses
   e. ☐ Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. ☐ Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply):* a. ✓ monetary   b. ☐ nonmonetary; declaratory or injunctive relief   c. ✓ punitive
4. Number of causes of action *(specify):*  Six
5. This case ☐ is  ✓ is not  a class action suit.
6. If there are any known related cases, file and serve a notice of related case. (You may use form CM-015.)

Date: 9/11/2015

Sara J. King
_____
(TYPE OR PRINT NAME)          ▶          (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>CM-010 [Rev. July 1, 2007] | **CIVIL CASE COVER SHEET** | Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;<br>Cal. Standards of Judicial Administration, std. 3.10<br>www.courtinfo.ca.gov |

**CM-010**

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you must complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check one box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the primary cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
  Auto (22)—Personal Injury/Property
    Damage/Wrongful Death
  Uninsured Motorist (46) *(if the
    case involves an uninsured
    motorist claim subject to
    arbitration, check this item
    instead of Auto)*
**Other PI/PD/WD (Personal Injury/
Property Damage/Wrongful Death)
Tort**
  Asbestos (04)
    Asbestos Property Damage
    Asbestos Personal Injury/
      Wrongful Death
  Product Liability *(not asbestos or
    toxic/environmental)* (24)
  Medical Malpractice (45)
    Medical Malpractice—
      Physicians & Surgeons
    Other Professional Health Care
      Malpractice
  Other PI/PD/WD (23)
    Premises Liability (e.g., slip
      and fall)
    Intentional Bodily Injury/PD/WD
      (e.g., assault, vandalism)
    Intentional Infliction of
      Emotional Distress
    Negligent Infliction of
      Emotional Distress
    Other PI/PD/WD
**Non-PI/PD/WD (Other) Tort**
  Business Tort/Unfair Business
    Practice (07)
  Civil Rights (e.g., discrimination,
    false arrest) *(not civil
    harassment)* (08)
  Defamation (e.g., slander, libel)
    (13)
  Fraud (16)
  Intellectual Property (19)
  Professional Negligence (25)
    Legal Malpractice
    Other Professional Malpractice
      *(not medical or legal)*
  Other Non-PI/PD/WD Tort (35)
**Employment**
  Wrongful Termination (36)
  Other Employment (15)

**Contract**
  Breach of Contract/Warranty (06)
    Breach of Rental/Lease
      Contract *(not unlawful detainer
        or wrongful eviction)*
    Contract/Warranty Breach—Seller
      Plaintiff *(not fraud or negligence)*
    Negligent Breach of Contract/
      Warranty
    Other Breach of Contract/Warranty
  Collections (e.g., money owed, open
    book accounts) (09)
    Collection Case—Seller Plaintiff
    Other Promissory Note/Collections
      Case
  Insurance Coverage *(not provisionally
    complex)* (18)
    Auto Subrogation
    Other Coverage
  Other Contract (37)
    Contractual Fraud
    Other Contract Dispute
**Real Property**
  Eminent Domain/Inverse
    Condemnation (14)
  Wrongful Eviction (33)
  Other Real Property (e.g., quiet title) (26)
    Writ of Possession of Real Property
    Mortgage Foreclosure
    Quiet Title
    Other Real Property *(not eminent
      domain, landlord/tenant, or
      foreclosure)*
**Unlawful Detainer**
  Commercial (31)
  Residential (32)
  Drugs (38) *(if the case involves illegal
    drugs, check this item; otherwise,
    report as Commercial or Residential)*
**Judicial Review**
  Asset Forfeiture (05)
  Petition Re: Arbitration Award (11)
  Writ of Mandate (02)
    Writ–Administrative Mandamus
    Writ–Mandamus on Limited Court
      Case Matter
    Writ–Other Limited Court Case
      Review
  Other Judicial Review (39)
    Review of Health Officer Order
    Notice of Appeal–Labor
      Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal.
Rules of Court Rules 3.400–3.403)**
  Antitrust/Trade Regulation (03)
  Construction Defect (10)
  Claims Involving Mass Tort (40)
  Securities Litigation (28)
  Environmental/Toxic Tort (30)
  Insurance Coverage Claims
    *(arising from provisionally complex
    case type listed above)* (41)
**Enforcement of Judgment**
  Enforcement of Judgment (20)
    Abstract of Judgment (Out of
      County)
    Confession of Judgment *(non-
      domestic relations)*
    Sister State Judgment
    Administrative Agency Award
      *(not unpaid taxes)*
    Petition/Certification of Entry of
      Judgment on Unpaid Taxes
    Other Enforcement of Judgment
**Miscellaneous Civil Complaint**
  RICO (27)
  Other Complaint *(not specified
    above)* (42)
    Declaratory Relief Only
    Injunctive Relief Only *(non-
      harassment)*
    Mechanics Lien
    Other Commercial Complaint
      Case *(non-tort/non-complex)*
    Other Civil Complaint
      *(non-tort/non-complex)*
**Miscellaneous Civil Petition**
  Partnership and Corporate
    Governance (21)
  Other Petition *(not specified
    above)* (43)
    Civil Harassment
    Workplace Violence
    Elder/Dependent Adult
      Abuse
    Election Contest
    Petition for Name Change
    Petition for Relief From Late
      Claim
    Other Civil Petition

CM-010 [Rev. July 1, 2007]                   **CIVIL CASE COVER SHEET**                   Page 2 of 2

**LOTZ KING, APLC**
Suzanne J. Reuben, Esq. (SBN 245660)
Sara J. King, Esq. (SBN 299115)
3184 Airway Avenue
Suite G
Costa Mesa, CA 92626
T: 714-884-4110
sjreuben@lotzkinglaw.com
sjking@lotzkinglaw.com

Attorneys for Plaintiff, MARIA HERNANDEZ

## SUPERIOR COURT FOR THE STATE OF CALIFORNIA

## IN THE COUNTY OF ORANGE

| | |
|---|---|
| MARIA HERNANDEZ, an individual,<br><br>Plaintiff,<br><br>v.<br><br>ABM INDUSTRIES, INC. a Delaware corporation; and DOES 1-100 inclusive,<br><br>Defendants. | Case No.: 30-2015-00809242-CU-WT-CJC<br><br>**NOTICE OF POSTING ADVANCE JURY FEES**<br><br>Assigned for all purposes:<br>Judge: Hon. Deborah Servino<br>Date Action Filed: September 11, 2015<br>Trial Date: September 16, 2016 |

PLEASE TAKE NOTICE that Plaintiff, MARIA HERNANDEZ, hereby posts Jury Fees of $150.00 in relation to the above-entitled matter.

DATED: January 11, 2016

LOTZ KING, APLC

Suzanne J. Reuben, Esq.
Sara J. King, Esq.
Attorneys for Plaintiff

1

**PROOF OF SERVICE**

*Hernandez v. ABM Industries, Inc.*
OCSC Case No. 30-2015-00809242-CU-WT-CJC

STATE OF CALIFORNIA, COUNTY OF ORANGE

     I am employed in the County of Orange, State of California.  I am over the age of 18 years and am not a party to the within action.  My business address is 3184 Airway Avenue, Suite G, Costa Mesa, CA 92626.  On January 11, 2016, I served the following document, described as:

**NOTICE OF POSTING ADVANCE JURY FEES**

on the interested parties in this action, addressed as follows:

| | |
|---|---|
| Eric J. Wersching<br>Daniel J. Lee<br>Ross Wersching & Wolcott LLP<br>3151 Airway Ave., Suite S-1<br>Costa Mesa, CA 92626<br><br>Tel:  714-444-3900<br>Fasc: 714-444-3901 | Counsel for Defendant |

☒   **(BY U.S. MAIL)** I am readily familiar with my firm's business practice for collection and processing of correspondence for mailing with the United States Postal Service.  I deposited such envelope(s) with postage thereon fully prepaid to be placed in the United States Mail at Costa Mesa, California.

☐   **(BY Federal Express)** I served the above referenced document(s) enclosed in a sealed package, for collection and for delivery marked for next day delivery in the ordinary course of business, addressed to the addressee(s) listed above.

☐   **(BY E-Mail)** I served a true and correct copy by e-mail to the e-mail address listed above.  Said e-mail transmission(s) was/were reported complete and without error.

☐   **(By Facsimile)** I served a true and correct copy by facsimile to each of the numbers listed above.  Said transmission(s) were reported complete and without error.

☐   **(STATE)** I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

     Executed on January 11, 2016 at Costa Mesa, California.

                              Sara J. King

ELECTRONICALLY FILED
Superior Court of California,
County of Orange

12/21/2015 at 05:10:00 PM

Clerk of the Superior Court
By e Clerk, Deputy Clerk

FOR C

**ATTORNEY OR PARTY WITHOUT ATTORNEY** *(Name, State Bar number, and address):*

Eric J. Wersching, CA Bar No. 229415    Paul M. Teinert, CA Bar No. 272390
Ross Wersching & Wolcott LLP
3151 Airway Avenue, Building S, Costa Mesa, California 92626
TELEPHONE NO.: (714) 444-3900   FAX NO. *(Optional):* (714) 444-3900
E-MAIL ADDRESS *(Optional):*
ATTORNEY FOR *(Name):* ABM Industries, Inc.

SUPERIOR COURT OF CALIFORNIA, COUNTY OF  Orange
STREET ADDRESS: 700 Civic Center Drive West
MAILING ADDRESS:
CITY AND ZIP CODE: Santa Ana  92701
BRANCH NAME: Central Justice Center

PLAINTIFF/PETITIONER:  Maria Hernandez

DEFENDANT/RESPONDENT: ABM Industries, Inc.

| CASE MANAGEMENT STATEMENT | CASE NUMBER: |
|---|---|
| *(Check one):* ☑ **UNLIMITED CASE**<br>(Amount demanded<br>exceeds $25,000)  ☐ **LIMITED CASE**<br>(Amount demanded is $25,000<br>or less) | 30-2015-00809242-CU-WT-CJC |

A CASE MANAGEMENT CONFERENCE is scheduled as follows:

Date:  January 11, 2016    Time: 9:00 am    Dept.: 22    Div.:    Room:

Address of court *(if different from the address above):*

☐  Notice of Intent to Appear by Telephone,  by *(name):*

---

**INSTRUCTIONS: All applicable boxes must be checked, and the specified information must be provided.**

1. **Party or parties** *(answer one):*
   a. ☐  This statement is submitted by party *(name):*
   b. ☑  This statement is submitted **jointly** by parties *(names):*  Maria Hernandez and ABM Industries, Inc.

2. **Complaint and cross-complaint** *(to be answered by plaintiffs and cross-complainants only)*
   a.  The complaint was filed on *(date):*  September 11, 2015
   b. ☐  The cross-complaint, if any, was filed on *(date):*

3. **Service** *(to be answered by plaintiffs and cross-complainants only)*
   a. ☑  All parties named in the complaint and cross-complaint have been served, have appeared, or have been dismissed.
   b. ☐  The following parties named in the complaint or cross-complaint
      (1) ☐  have not been served *(specify names and explain why not):*

      (2) ☐  have been served but have not appeared and have not been dismissed *(specify names):*

      (3) ☐  have had a default entered against them *(specify names):*

   c. ☐  The following additional parties may be added *(specify names, nature of involvement in case, and date by which they may be served):*

4. **Description of case**
   a.  Type of case in  ☑  complaint   ☐  cross-complaint   *(Describe, including causes of action):*
      Plaintiff alleges Wrongful Termination,  Disability Discrimination, Age Discrimination, Failure to Accommodate and Failure to Engage in the Interactive Process

Page 1 of 5

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>CM-110 [Rev. July 1, 2011] | **CASE MANAGEMENT STATEMENT** | Cal. Rules of Court,<br>rules 3.720–3.730<br>www.courts.ca.gov |
|---|---|---|

CM-110

| | CASE NUMBER: |
|---|---|
| PLAINTIFF/PETITIONER: Maria Hernandez | 30-2015-00809242-CU-WT-CJC |
| DEFENDANT/RESPONDENT: ABM Industries, Inc. | |

4. b.  Provide a brief statement of the case, including any damages. *(If personal injury damages are sought, specify the injury and damages claimed, including medical expenses to date [indicate source and amount], estimated future medical expenses, lost earnings to date, and estimated future lost earnings. If equitable relief is sought, describe the nature of the relief.)*

Plaintiff alleges that, as her employer, Defendant discriminated against her because of her disability and age. Plaintiff further alleges that Defendant failed to accommodate Plaintiff's disability, failed to engage in the interactive process and wrongfully terminated Plaintiff.   Defendant denies each of Plaintiff's allegations.

☐  *(If more space is needed, check this box and attach a page designated as Attachment 4b.)*

5.  **Jury or nonjury trial**
The party or parties request  ☑ a jury trial  ☐ a nonjury trial.  *(If more than one party, provide the name of each party requesting a jury trial):*

6.  **Trial date**
a.  ☐  The trial has been set for *(date):*
b.  ☑  No trial date has been set. This case will be ready for trial within 12 months of the date of the filing of the complaint *(if not, explain):*

c.  Dates on which parties or attorneys will not be available for trial *(specify dates and explain reasons for unavailability):*

7.  **Estimated length of trial**
The party or parties estimate that the trial will take *(check one):*
a.  ☑ days *(specify number):* 7
b.  ☐ hours (short causes) *(specify):*

8.  **Trial representation** *(to be answered for each party)*
The party or parties will be represented at trial  ☑ by the attorney or party listed in the caption  ☐ by the following:
a.  Attorney:
b.  Firm:
c.  Address:
d.  Telephone number:                                    f.  Fax number:
e.  E-mail address:                                        g.  Party represented:
☐  Additional representation is described in Attachment 8.

9.  **Preference**
☐  This case is entitled to preference *(specify code section):*

10.  **Alternative dispute resolution (ADR)**
a.  **ADR information package.** Please note that different ADR processes are available in different courts and communities; read the ADR information package provided by the court under rule 3.221 for information about the processes available through the court and community programs in this case.
(1)  For parties represented by counsel: Counsel ☑ has  ☐ has not  provided the ADR information package identified in rule 3.221 to the client and reviewed ADR options with the client.

(2)  For self-represented parties: Party ☐ has  ☐ has not reviewed the ADR information package identified in rule 3.221.

b.  **Referral to judicial arbitration or civil action mediation** *(if available).*
(1)  ☐  This matter is subject to mandatory judicial arbitration under Code of Civil Procedure section 1141.11 or to civil action mediation under Code of Civil Procedure section 1775.3 because the amount in controversy does not exceed the statutory limit.

(2)  ☐  Plaintiff elects to refer this case to judicial arbitration and agrees to limit recovery to the amount specified in Code of Civil Procedure section 1141.11.

(3)  ☐  This case is exempt from judicial arbitration under rule 3.811 of the California Rules of Court or from civil action mediation under Code of Civil Procedure section 1775 et seq. *(specify exemption):*

CM-110

| PLAINTIFF/PETITIONER: Maria Hernandez | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: ABM Industries, Inc. | 30-2015-00809242-CU-WT-CJC |

10. c. Indicate the ADR process or processes that the party or parties are willing to participate in, have agreed to participate in, or have already participated in (check all that apply and provide the specified information):

|  | The party or parties completing this form **are willing** to participate in the following ADR processes (check all that apply): | If the party or parties completing this form in the case **have agreed** to participate in or have already completed an ADR process or processes, indicate the status of the processes (attach a copy of the parties' ADR stipulation): |
|---|---|---|
| (1) Mediation | ☑ | ☑ Mediation session not yet scheduled<br>☐ Mediation session scheduled for (date):<br>☐ Agreed to complete mediation by (date):<br>☐ Mediation completed on (date): |
| (2) Settlement conference | ☑ | ☑ Settlement conference not yet scheduled<br>☐ Settlement conference scheduled for (date):<br>☐ Agreed to complete settlement conference by (date):<br>☐ Settlement conference completed on (date): |
| (3) Neutral evaluation | ☐ | ☐ Neutral evaluation not yet scheduled<br>☐ Neutral evaluation scheduled for (date):<br>☐ Agreed to complete neutral evaluation by (date):<br>☐ Neutral evaluation completed on (date): |
| (4) Nonbinding judicial arbitration | ☐ | ☐ Judicial arbitration not yet scheduled<br>☐ Judicial arbitration scheduled for (date):<br>☐ Agreed to complete judicial arbitration by (date):<br>☐ Judicial arbitration completed on (date): |
| (5) Binding private arbitration | ☐ | ☐ Private arbitration not yet scheduled<br>☐ Private arbitration scheduled for (date):<br>☐ Agreed to complete private arbitration by (date):<br>☐ Private arbitration completed on (date): |
| (6) Other (specify): | ☐ | ☐ ADR session not yet scheduled<br>☐ ADR session scheduled for (date):<br>☐ Agreed to complete ADR session by (date):<br>☐ ADR completed on (date): |

CM-110

| | |
|---|---|
| PLAINTIFF/PETITIONER:   Maria Hernandez | CASE NUMBER:<br>30-2015-00809242-CU-WT-CJC |
| DEFENDANT/RESPONDENT:   ABM Industries, Inc. | |

**11. Insurance**
  a. ☐ Insurance carrier, if any, for party filing this statement *(name):*
  b. Reservation of rights:  ☐ Yes  ☐ No
  c. ☐ Coverage issues will significantly affect resolution of this case *(explain):*

**12. Jurisdiction**
  Indicate any matters that may affect the court's jurisdiction or processing of this case and describe the status.
    ☐ Bankruptcy  ☐ Other *(specify):*
  Status:

**13. Related cases, consolidation, and coordination**
  a. ☐ There are companion, underlying, or related cases.
      (1) Name of case:
      (2) Name of court:
      (3) Case number:
      (4) Status:
    ☐ Additional cases are described in Attachment 13a.
  b. ☐ A motion to  ☐ consolidate  ☐ coordinate  will be filed by *(name party):*

**14. Bifurcation**
    ☐ The party or parties intend to file a motion for an order bifurcating, severing, or coordinating the following issues or causes of action *(specify moving party, type of motion, and reasons):*

**15. Other motions**
    ☑ The party or parties expect to file the following motions before trial *(specify moving party, type of motion, and issues):*
      1. Removal (ABM)
      2. Motion for Summary Judgment (ABM)

**16. Discovery**
  a. ☐ The party or parties have completed all discovery.
  b. ☑ The following discovery will be completed by the date specified *(describe all anticipated discovery):*

| Party | Description | Date |
|---|---|---|
| Maria Hernandez and ABM Industries, Inc. | Written Discovery<br>Depositions<br>Experts | June 2016<br>July 2016<br>Per Code |

  c. ☐ The following discovery issues, including issues regarding the discovery of electronically stored information, are anticipated *(specify):*

**CASE MANAGEMENT STATEMENT**

CM-110

| PLAINTIFF/PETITIONER: Maria Hernandez | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: ABM Industries, Inc. | 30-2015-00809242-CU-WT-CJC |

17. **Economic litigation**
   a. ☐ This is a limited civil case (i.e., the amount demanded is $25,000 or less) and the economic litigation procedures in Code of Civil Procedure sections 90-98 will apply to this case.
   b. ☐ This is a limited civil case and a motion to withdraw the case from the economic litigation procedures or for additional discovery will be filed (if checked, explain specifically why economic litigation procedures relating to discovery or trial should not apply to this case):

18. **Other issues**
   ☐ The party or parties request that the following additional matters be considered or determined at the case management conference (specify):

19. **Meet and confer**
   a. ☑ The party or parties have met and conferred with all parties on all subjects required by rule 3.724 of the California Rules of Court (if not, explain):

   b. After meeting and conferring as required by rule 3.724 of the California Rules of Court, the parties agree on the following (specify):

20. **Total number of pages attached (if any):** _____

I am completely familiar with this case and will be fully prepared to discuss the status of discovery and alternative dispute resolution, as well as other issues raised by this statement, and will possess the authority to enter into stipulations on these issues at the time of the case management conference, including the written authority of the party where required.

Date: December 21, 2015

Paul M. Teineri
_____
(TYPE OR PRINT NAME)

Sara King
_____
(TYPE OR PRINT NAME)

_____
(SIGNATURE OF PARTY OR ATTORNEY)

_____
(SIGNATURE OF PARTY OR ATTORNEY)

☐ Additional signatures are attached.

CM-110 [Rev. July 1, 2011]                    **CASE MANAGEMENT STATEMENT**                    Page 5 of 5

ERIC J. WERSCHING, Bar No. 229415
DANIEL J. LEE, Bar No. 273460
ROSS WERSCHING & WOLCOTT LLP
Attorneys at Law
3151 Airway Ave., Suite S-1
Costa Mesa, California 92626
Telephone: (714) 444-3900
Facsimile: (714) 444-3901

Attorneys for Defendant
ABM Industries, Inc.

# SUPERIOR COURT OF THE STATE OF CALIFORNIA

## COUNTY OF ORANGE

| | |
|---|---|
| MARIA HERNANDEZ, an individual,<br><br>Plaintiff,<br><br>v.<br><br>ABM INDUSTRIES, INC., a Delaware corporation; and DOES 1-100 inclusive,<br><br>Defendants. | CASE NO.  30-2015-00809242-CU-WT-CJC<br><br>Assigned for all purposes:<br><br>Hon. Deborah Servino<br><br>**DEFENDANT ABM INDUSTRIES, INC.'S ANSWER TO COMPLAINT**<br><br>Date Action Filed:     September 11, 2015 |

ROSS WERSCHING & WOLCOTT LLP
ATTORNEYS AT LAW
3151 AIRWAY AVE., SUITE S-1
COSTA MESA, CALIFORNIA 92626
(714) 444-3900

Answer to Complaint

Defendant ABM Industries, Inc. ("Defendant") for itself and no other party, hereby answers the Complaint filed by Plaintiff Maria Hernandez ("Plaintiff") as follows:

Pursuant to California *Code of Civil Procedure* Section 431.30(d), Defendant denies, generally and specifically, each and every material allegation contained in the Complaint, and denies that Plaintiff has sustained any harm by reason of any act or omission by Defendant or is entitled to any relief against Defendant.

Furthermore, pursuant to California *Code of Civil Procedure* Section 430.10 and 430.30, Defendant asserts that the Complaint, and each claim alleged therein, fails to state a cause of action against Defendant.

Moreover, as separate and affirmative defenses to the Complaint, and each cause of action, claim and allegation contained therein, Defendant states as follows:

## FIRST AFFIRMATIVE DEFENSE
### (Failure to State a Cause of Action)

1.     The Complaint, and each and every cause of action alleged therein, fails to state facts sufficient to constitute a cause of action against Defendant.

## SECOND AFFIRMATIVE DEFENSE
### (Good Faith)

2.     Plaintiff's Complaint, and each and every cause of action alleged therein, cannot be maintained against Defendant because any adverse employment action Plaintiff allegedly experienced was based upon reasonable and legal factors as Defendant understood them.

ROSS WERSCHING & WOLCOTT LLP
ATTORNEYS AT LAW
3151 AIRWAY AVE., SUITE S-1
COSTA MESA, CALIFORNIA 92626
(714) 444-3900

2

ROSS WERSCHING & WOLCOTT LLP
ATTORNEYS AT LAW
3151 AIRWAY AVE., SUITE S-1
COSTA MESA, CALIFORNIA 92626
(714) 444-3900

### THIRD AFFIRMATIVE DEFENSE

#### (Absence of Ratification)

3.     No alleged acts of discrimination or other civil wrongs allegedly committed against Plaintiff, if any occurred, were authorized, ratified, or approved by Defendant.

### FOURTH AFFIRMATIVE DEFENSE

#### (Business Necessity)

4.     All of Defendant's actions taken with respect to Plaintiff were based on a good faith belief that a legitimate business interest required the action, or entitled Defendant to perform the action. Defendant's actions were based on legitimate, non-discriminatory and non-retaliatory business reasons that were neither arbitrary, capricious, nor unlawful.

### FIFTH AFFIRMATIVE DEFENSE

#### (Attorneys' Fees)

5.     In the event that the Court deems Plaintiff's case to be frivolous or without foundation, Defendant is entitled to attorneys' fees.

### SIXTH AFFIRMATIVE DEFENSE

#### (Failure to Mitigate)

6.     Plaintiff has failed to mitigate her alleged damages, if any.

### SEVENTH AFFIRMATIVE DEFENSE

#### (Estoppel)

7.     The Complaint, and each alleged cause of action contained therein, is barred by the doctrine of estoppel.

3

ROSS WERSCHING & WOLCOTT LLP
ATTORNEYS AT LAW
3151 AIRWAY AVE., SUITE S-1
COSTA MESA, CALIFORNIA 92626
(714) 444-3900

## EIGHTH AFFIRMATIVE DEFENSE

### (Laches)

8.    The Complaint, and each alleged cause of action contained therein, is barred by the doctrine of laches.

## NINTH AFFIRMATIVE DEFENSE

### (After-Acquired Evidence)

9.    Plaintiff's claims for damages, if any, are limited or barred by after acquired evidence.

## TENTH AFFIRMATIVE DEFENSE

### (Unconstitutionality of Punitive Damages As Applied)

10.    Plaintiff's claim for punitive damages is invalid as applied to Defendant pursuant to Article I, Section 10, Article IV, Section 2, and the First, Fifth, Sixth, Eighth, and Fourteen Amendments of the United States Constitution, as well as Article I, Section 7, 9, 15, and 17 and Article IV, Section 16 of the California Constitution.

## ELEVENTH AFFIRMATIVE DEFENSE

### (Unclean Hands)

11.    The Complaint, and each alleged cause of action contained therein, is barred by the doctrine of unclean hands by reason of Plaintiff's conduct and actions.

## TWELFTH AFFIRMATIVE DEFENSE

### (No Oppression, Fraud, or Malice)

12.    Plaintiff is not entitled to recover punitive damages because Plaintiff has failed to allege facts sufficient to state a claim for punitive damages or to show that Defendant is liable for oppression, fraud or malice.  Cal. Civ. Code § 3294.

4

## THIRTEENTH AFFIRMATIVE DEFENSE

### (Additional Defenses)

13.. Defendant reserves the right to amend this Answer and add additional affirmative defenses.

## PRAYER

WHEREFORE, Defendant prays for judgment as follows:

1. That Plaintiff take nothing from Defendant by way of Plaintiff's Complaint;

2. That the Court enter an award against Plaintiff on all claims;

3. For Defendant's reasonable expenses, including its attorneys' fees;

4. For Defendant's costs of defense incurred herein; and

5. For such other relief as the Court may deem just and proper.

DATED: October 13, 2015          ROSS WERSCHING & WOLCOTT LLP

By: _____
                    DANIEL J. LEE
                    Attorneys for Defendant
                    ABM Industries, Inc.

ROSS WERSCHING & WOLCOTT LLP
ATTORNEYS AT LAW
3151 AIRWAY AVE., SUITE S-1
COSTA MESA, CALIFORNIA 92626
(714) 444-3900

5

Answer to Complaint

1

## PROOF OF SERVICE

2

*Hernandez v. ABM Industries, Inc.*
OCSC Case No. 30-2015-00809242-CU-WT-CJC

3

4

STATE OF CALIFORNIA, COUNTY OF ORANGE

5

I am employed in the County of Orange, State of California. I am over the age of 18 years and am not a party to the within action. My business address is 3151 Airway Avenue, Building S-1, Costa Mesa, CA 92626. On October 13, 2015, I served the following document, described as:

6

7

**DEFENDANT ABM INDUSTRIES, INC.'S ANSWER TO COMPLAINT**

8

on interested parties in this action, addressed as follows:

9

| Suzanne J. Reuben | Counsel for Plaintiff |
|---|---|
| Sara J. King | |
| Lotz King, APLC | |
| 3184 Airway Ave., Suite G | |
| Costa Mesa, CA 92626 | |
| | |
| Tel: 714-884-4110 | |
| Sjreuben@lotzkinglaw.com | |
| sjking@lotzkinglaw.com | |

10

11

12

13

14

15

☒ **(BY U.S. Mail)** I am readily familiar with my firm's business practice for collection and processing of correspondence for mailing with the United States Postal Service. I deposited such envelope(s) with postage thereon fully prepaid to be placed in the United States Mail at Costa Mesa, California.

16

17

18

☐ **(By Federal Express)** I served the above referenced document(s) enclosed in a sealed package, for collection and for delivery marked for next day delivery in the ordinary course of business, addressed to the addressee(s) listed above.

19

20

☐ **(By E-Mail)** I served a true and correct copy by e-mail to the e-mail address listed above. Said e-mail transmission(s) was/were reported complete and without error.

21

☐ **(By Facsimile)** I served a true and correct copy by facsimile to each of the numbers listed above. Said transmissions were reported complete and without error.

22

23

☒ **(STATE)** I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

24

Executed on October 13, 2015 at Costa Mesa, California.

25

26

Daniel J. Lee

27

28

Page 1 of 1
PROOF OF SERVICE

# EXHIBIT C

1   **LOTZ KING, APLC**
2   Suzanne J. Reuben, Esq. (SBN 245660)
    Sara J. King, Esq. (SBN 299115)
3   3184 Airway Avenue
    Suite G
4   Costa Mesa, CA 92626
5   T: 714-884-4110
    sjreuben@lotzkinglaw.com
6   sjking@lotzkinglaw.com

7   Attorneys for Plaintiff, MARIA HERNANDEZ

8            SUPERIOR COURT FOR THE STATE OF CALIFORNIA

9                    IN THE COUNTY OF ORANGE

10  MARIA HERNANDEZ, an individual,        Case No.: 30-2015-00809242-CU-WT-CJC
11
12            Plaintiff,                    **PLAINTIFF'S RESPONSE TO
                                            DEFENDANT'S REQUESTS FOR
13      v.                                  ADMISSIONS, SET ONE**
14  ABM INDUSTRIES, INC. a Delaware
    corporation; and DOES 1-100 inclusive,
15
            Defendants.                     Assigned for all purposes:
16                                          Judge: Hon. Deborah Servino
                                            Date Action Filed: September 11, 2015
17                                          Trial Date: September 19, 2016
18

19

20  **PROPOUNDING PARTY:**        **Defendant ABM Industries, Inc.**
21
22  **RESPONDING PARTY:**         **Plaintiff Maria Hernandez**
23  **SET NUMBER:**               **One**
24      PLAINTIFF MARIA HERNANDEZ (hereinafter, "Plaintiff" or "Responding Party")
25  hereby responds to DEFENDANT ABM INDUSTRIES, INC.'s (hereinafter, "Defendant" or
26  "Propounding Party") Requests for Admissions, Set One as follows:
27

28

                                           1

## GENERAL OBJECTIONS

Responding Party objects to these requests to the extent that they seek information protected by the attorney-client privilege and/or attorney work-product doctrine. Responding Party further objects to these requests to the extent that they seek confidential information or seek to invade Responding Party's privacy rights.

Responding Party further objects to these requests to the extent they seek an expert opinion or legal conclusion. Moreover, any admission to certain facts should not be deemed an admission as to any legal conclusion regarding those facts.

Responding Party further objects to these requests to the extent they do not seek relevant information and/or are not intended to seek the discovery of admissible evidence. Responding Party objects to these requests as unduly burdensome and intended to harass to the extent they are duplicate of other discovery served in this matter. Responding Party also objects to these requests as unduly burdensome and intended to harass to the extent that Propounding Party is equally, if not more so, in possession of the requested information.

Discovery and investigation in this matter are ongoing. Therefore, Responding Party reserves the right to amend or supplement her responses in the future.

## RESPONSES TO REQUESTS FOR ADMISSION

### REQUEST FOR ADMISSION NO. 1

Admit that YOU (as used in these Requests, the terms "YOU" and "YOUR" shall mean and refer to Plaintiff Maria Hernandez and/or her affiliates, agents, representatives, or other individuals or entities acting on YOUR behalf) are seeking more than $75,000 in damages in this matter.

### RESPONSE TO REQUEST FOR ADMISSION NO. 1

Responding Party objects to this request to the extent that it seeks an expert opinion or a legal conclusion. Without waiving the foregoing objections, Responding Party responds as follows: Admit.

**REQUEST FOR ADMISSION NO. 2**

Admit that the only trash cans YOU were required to empty were those contained in offices and bathrooms after January 2, 2015.

**RESPONSE TO REQUEST FOR ADMISSION NO. 2**

Deny.

**REQUEST FOR ADMISSION NO. 3**

Admit that YOU were not required to empty trash cans in the cafeteria area after January 2, 2015.

**RESPONSE TO REQUEST FOR ADMISSION NO. 3**

Deny.

**REQUEST FOR ADMISSION NO. 4**

Admit that YOU suffered YOUR alleged workplace injury on January 2, 2015 empting [sic] a trash receptor into a janitorial push-cart.

**RESPONSE TO REQUEST FOR ADMISSION NO. 4**

Admit.

**REQUEST FOR ADMISSION NO. 5**

Admit that YOU did not wear YOUR brace to work every day between January 2, 2015 and April 17, 2015.

**RESPONSE TO REQUEST FOR ADMISSION NO. 5**

Deny.

1   Dated:  January 22, 2016

**LOTZ KING, APLC**

2

3   Suzanne J. Reuben, Esq.

4   Sara J. King, Esq.
Attorneys for Plaintiff

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

CASE NO. 30-2015-00809242-CU-WT-CJC
PLAINTIFF'S RESPONSES TO REQUESTS FOR ADMISSIONS: SET ONE

## VERIFICATION

I, Maria Hernandez, am a party to this action, and I have read the foregoing **RESPONSE TO DEFENDANT'S REQUESTS FOR ADMISSIONS, SET ONE** and know its contents. The matters stated in the **RESPONSE TO DEFENDANT'S REQUESTS FOR ADMISSIONS, SET ONE** are true based on my own knowledge, except as to those matters stated on information and belief, and as to those matters I believe them to be true.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on _01- 20-16_, at _Anaheim_ California.

_____
Maria Hernandez, Declarant

**PROOF OF SERVICE**

*Hernandez v. ABM Industries, Inc.*
OCSC Case No. 30-2015-00809242-CU-WT-CJC

STATE OF CALIFORNIA, COUNTY OF ORANGE

I am employed in the County of Orange, State of California. I am over the age of 18 years and am not a party to the within action. My business address is 3184 Airway Avenue, Suite G, Costa Mesa, CA 92626. On January 22, 2016, I served the following document, described as:

**PLAINTIFF'S RESPONSE TO DEFENDANT'S REQUESTS FOR ADMISSIONS, SET ONE**

on the interested parties in this action, addressed as follows:

| Eric J. Wersching<br>Daniel J. Lee<br>Ross Wersching & Wolcott LLP<br>3151 Airway Ave., Suite S-1<br>Costa Mesa, CA 92626<br><br>Tel:  714-444-3900<br>Fasc: 714-444-3901 | Counsel for Defendant |
|---|---|

☒ **(BY U.S. MAIL)** I am readily familiar with my firm's business practice for collection and processing of correspondence for mailing with the United States Postal Service. I deposited such envelope(s) with postage thereon fully prepaid to be placed in the United States Mail at Costa Mesa, California.

☐ **(BY Federal Express)** I served the above referenced document(s) enclosed in a sealed package, for collection and for delivery marked for next day delivery in the ordinary course of business, addressed to the addressee(s) listed above.

☐ **(BY E-Mail)** I served a true and correct copy by e-mail to the e-mail address listed above. Said e-mail transmission(s) was/were reported complete and without error.

☐ **(By Facsimile)** I served a true and correct copy by facsimile to each of the numbers listed above. Said transmission(s) were reported complete and without error.

☐ **(STATE)** I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on January 22, 2016 at Costa Mesa, California.

_____
Sara J. King

6

# EXHIBIT D

# Delaware

Page 1

### The First State

I, JEFFREY W. BULLOCK, SECRETARY OF STATE OF THE STATE OF DELAWARE, DO HEREBY CERTIFY "ABM INDUSTRIES INCORPORATED" IS DULY INCORPORATED UNDER THE LAWS OF THE STATE OF DELAWARE AND IS IN GOOD STANDING AND HAS A LEGAL CORPORATE EXISTENCE SO FAR AS THE RECORDS OF THIS OFFICE SHOW, AS OF THE TWENTY-THIRD DAY OF FEBRUARY, A.D. 2016.

AND I DO HEREBY FURTHER CERTIFY THAT THE ANNUAL REPORTS HAVE BEEN FILED TO DATE.

AND I DO HEREBY FURTHER CERTIFY THAT THE SAID "ABM INDUSTRIES INCORPORATED" WAS INCORPORATED ON THE NINETEENTH DAY OF MARCH, A.D. 1985.

AND I DO HEREBY FURTHER CERTIFY THAT THE FRANCHISE TAXES HAVE BEEN PAID TO DATE.

Jeffrey W. Bullock, Secretary of State

2057350  8300

SR# 20161052989

You may verify this certificate online at corp.delaware.gov/authver.shtml

Authentication: 201873382

Date: 02-23-16